```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STANLEY DEPTOLA,
                        Plaintiff,          REPORT AND
                                             RECOMMENDATION
        - against -
                                             CV 04-1379 (DRH) (JO)
JOHN DOE, ET AL.,
                        Defendants.
----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

For the reasons set forth below, I recommend that the claims of plaintiff Stanley Deptola ("Deptola") be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

I.   Background

On April 2, 2004, plaintiff commenced this case pursuant to 42 U.S.C. § 1983. Docket Entry ("DE") 1. On June 1, 2004, Deptola's motion to proceed *in forma pauperis* was granted. DE 5. On August 16, 2004, defendants filed an answer and an initial conference was set for October 21, 2004. DE 9, DE 11. At the initial conference Deptola stated that he was going to secure counsel, he was directed to serve a written narrative statement by January 19, 2005, and a telephone status conference was scheduled for April 20, 2005. DE 15, DE16. On January 19, 2005, defendants submitted a letter stating that Deptola did not serve a copy of his written narrative statement. DE 17. On January 21, 2005 I ordered Deptola to serve his narrative statement within ten days or I would "consider recommending that this case be dismissed for abandonment." Deptola subsequently served his written narrative statement on defendants on January 28, 2005. DE 19.

A telephone status conference was held on March 15, 2005, during which Deptola stated that he would be released from prison on March 30, 2005 and requested that all further correspondence be sent to his home address. DE 24. A subsequent telephone status conference was held on May 6, 2005, where Deptola again stated that he was going to seek the services of counsel and another status conference was scheduled for July 8, 2005. The defendants were directed to serve a copy of the scheduling order on Deptola. *Id.* Defendants mailed a copy of the scheduling order to Deptola's home address but it was returned as undeliverable. DE 28. Deptola did not did not appear at the July 8, 2005 status conference as required or seek to be excused, and no attorney has filed a notice of appearance on his behalf. DE 29. At the conference of July 8, 2005, I ordered that if plaintiff remained out of contact and failed to attend the next scheduled conference, I would consider recommending that the case be dismissed for failure to prosecute. *Id.* Defendants were ordered to serve a copy of the scheduling order on Deptola. *Id.*

By letter dated September 6, 2005, Defendants stated that they sent copies of the July 8, 2005, scheduling order to two of Deptola's last known addresses. DE 30. Though the their mail has not been returned as it was in the prior mailing (*see* DE 28), they have not received any response. Defendants have made inquiries with the Suffolk County Jail and the New York State Department of Corrections and have been informed that Deptola was not currently in custody. *Id.* Defendants were also advised that Deptola was released from parole on July 6, 2005. *Id.* On September 9, Mr. Deptola again failed to appear for the status conference scheduled on July 8, 2005. DE 31.

II.   Discussion

A dismissal for failure to prosecute is committed to the court's sound discretion. *Jenkins v. City of New York*, 176 F.R.D. 127, 128-129 (1997) (citing *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995)).  Courts have the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabach R.R. Co.*, 370 U.S. 626, 630-631 (1962).  Unless otherwise specified, a dismissal for failure to prosecute under Rule 41(b) is with prejudice.  Fed. R. Civ. P. 41(b).  Failure to prosecute may involve: (1) a plaintiff's "pattern of dilatory conduct [; or (2)] 'an action lying dormant with no significant activity to move it.'" *Barahman v. Sullivan*, 1992 WL 226293, *1 (E.D.N.Y. May 15, 1992) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In determining whether a dismissal with prejudice is warranted, the court must examine several factors: "(1) the duration of plaintiff's failure; (2) whether plaintiff received notice that further delay would result in dismissal; (3) whether defendant will suffer prejudice by further delay; (4) a balancing of the need to relieve the court's calendar congestion with the plaintiff's right to due process; and (5) the efficacy of lesser sanctions." *Jenkins*, 176 F.R.D. at 129 (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994)).  No one factor is dispositive.  *Id.* (citing *Nita v. Conn. Dept. of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).  Under this standard, a dismissal with prejudice is appropriate.

In this case, the defendants have been unable to contact Deptola for over four months. His complete neglect to pursue his claim will prejudice the defendants and needlessly burden the court with a case in which conferences are held without any progress being made.  Deptola was warned that failure on his part to pursue his claim could result in a dismissal on January 21, 2005

after he missed the first deadline to serve his written narrative statement on the defendants. *See* DE 17. Deptola's failure to comply with his obligations implicitly suggests that he has no interest in seeking the relief requested in his complaint.

III. Recommendation

For the reasons set forth above, I recommend that plaintiff Stanley Deptola's claims be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IV. Objections

This Report and Recommendation will be filed on ECF. Counsel for the defendants is directed to serve a copy of this Report and Recommendation on Deptola's last known address, by certified mail, to leave a telephone message at Deptola's last known telephone number alerting him to this Report and Recommendation, and to file proof of such service and communication with the court. Any objection to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to me within 10 days of the completion of service and communication. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
September 9, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge